UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

*In re the matter of L.S.*, a minor.   )   Case No. 4:25-cv-04035-SLD

ORDER

The matter comes before the Court on the Notice of Removal, ECF No. 1-1.[1] The Notice of Removal was filed by Brandie Roberts and indicates that she is removing Knox County Circuit Court Case No. 2024JA26 to this Court pursuant to 28 U.S.C. §§ 1441 and 1443. *Id.* at 1.[2] The matter must be REMANDED because there is no basis for removal.

Under 28 U.S.C. § 1441, defendants to a civil action brought in state court may remove the action to federal court if the federal court would have original jurisdiction over the suit. Though Roberts is complaining of federal law violations, the action she seeks to remove to this Court is a state court juvenile proceeding involving a petition for wardship of Roberts's son. The Court lacks original jurisdiction over state juvenile custody cases. The domestic relations exception to federal jurisdiction requires federal courts to abstain from deciding cases involving divorce, alimony, and child custody decrees. *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018). Because the state juvenile case could not be brought in federal court, Roberts cannot remove it to federal court. *See, e.g.*, *Wake Cnty. Human Servs. v. Davis*, No. 5:14-CV-4-F, 2014 WL 820173, at *8 (E.D.N.C. Mar. 3, 2014) (Gates, M.J.).

---

[1] The Clerk is directed to seal the Notice to State Court of Removal to Federal Court, ECF No. 1, because it contains the unredacted name of a minor.
[2] Roberts also cites 28 U.S.C. § 1446, but that section merely sets forth the procedure for removing a civil action.

1

Section 1443 does not provide a basis for removal in this case either. Section 1443(1) allows for removal of civil actions or criminal prosecutions pending against a person who claims she is denied rights under or unable to enforce in state court a "law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Illinois v. Burnside*, No. 22-1881, 2022 WL 15567884, at *1 (7th Cir. Oct. 28, 2022) (same). Roberts alleges that she is being denied her constitutional rights but does not claim she has been denied any rights under statutes or laws prohibiting racial discrimination. *See Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014) ("More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice."). Section 1443(2) allows for removal of civil actions or criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The Supreme Court has held that "removal under this subsection is limited to federal officers and those acting under them." *City of Greenwood v. Peacock*, 384 U.S. 808, 821 (1996). Roberts is not a federal officer or acting for a federal officer.

The Court lacks jurisdiction over this removed case, so it is REMANDED to the Knox County Circuit Court. The Clerk is directed to close the case.

Entered this 24th day of February, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
